759 P.2d 1007

**Shirley T. LABANSKY,
Petitioner–Appellee,**

v.

**John L. LABANSKY,
Respondent–Appellant.**

**No. 10495.**

Court of Appeals of New Mexico.

May 24, 1988.

Certiorari Denied June 24, 1988.

Betty Read Law Offices of Betty Read, Albuquerque, for petitioner-appellee.

Bruce P. Moore, Albuquerque, for respondent-appellant.

## OPINION

DONNELLY, Chief Judge.

In this domestic relations case, husband appeals from the district court's denial of his motion for reconsideration or for a new trial. Husband also seeks to appeal from the trial court's decree dissolving the marriage of the parties and the underlying judgment. Our calendar notice, filed April 20, 1988, proposed summary dismissal of husband's appeal, since the denial of a motion for a new trial is not an appealable order, and because husband's notice of appeal was not timely filed after entry of the underlying judgment. Husband responded to the calendar notice with a memorandum in opposition, filed May 4, 1988, one day late. *See* SCRA 1986, 12–210(E)(3); & 12–308. Nonetheless, we consider the contentions husband has advanced therein. *See Olguin v. State*, 90 N.M. 303, 563 P.2d 97 (1977). We are not persuaded by the argument and authority submitted and dismiss the appeal.

The judgment and final decree of dissolution of marriage was filed in this case on December 28, 1987. Husband's motion for reconsideration or in the alternative for a new trial was filed January 6, 1988. A hearing was held on that motion on January 28, 1988. Husband's motion

was thereafter denied by operation of law on February 5, 1988, the district court having failed to take action on it within the requisite period of time. *See* SCRA 1986, 12–201(E)(5). Husband's notice of appeal was subsequently filed on February 8, 1988. No motion for an extension of time in which to file the appeal appears in the record of proceedings, and no order of the district court granting an extension of time to file the appeal was entered. An extension of time to file an appeal does not arise by implication from the filing of a motion for a new trial or a motion for reconsideration; an extension of time for the filing of an appeal must be specifically requested and granted. *State ex rel. HSD v. Jasso*, 26 SBB 939 (Ct.App.1987), citing Rule 12–201(E).

■ Husband's notice of appeal, filed February 8, 1988, was not timely with respect to the date of entry of the underlying judgment. *See* R. 12–201(A). As stated in this court's calendar notice, the denial of husband's motion for reconsideration or in the alternative for a new trial is not appealable. *Public Serv. Co. v. First Judicial Dist. Court*, 65 N.M. 185, 334 P.2d 713 (1959); *Harrison v. ICX, Illinois–California Express, Inc.*, 98 N.M. 247, 647 P.2d 880 (Ct.App.1982). The rule governing the vesting of jurisdiction in this court is that failure to file a timely notice of appeal is jurisdictionally fatal. *See* Rule 12–201(A); *Seaboard Fire & Marine Ins. Co. v. Kurth*, 96 N.M. 631, 633 P.2d 1229 (Ct.App. 1980); *see also Chavez–Rey v. Miller*, 99 N.M. 377, 658 P.2d 452 (Ct.App.1982). Moreover, Rule 12–201(D), as amended by the New Mexico Supreme Court in 1986, expressly disallows the automatic extension of the time in which to file an appeal by virtue of the filing of post-trial motions.

■ Husband's memorandum in opposition to our calendar notice states that the effect of our proposed application of the timeliness rule would deprive him of his absolute right to an appeal, or to leave him with the "Hobson's choice" of choosing to appeal or to pursue his right to pursue a post-trial motion in the district court. We disagree. Husband had the opportunity to request that the district court rule on his motion for reconsideration within the time limit for the taking of an appeal from the underlying judgment. Alternatively, husband had the right to request that the district court enter an order extending the time in which to file the notice of appeal. *See* R. 12–201(E)(1) and (2). The record before us does not indicate that either of those avenues was pursued. Even constitutional rights may be waived. *See State v. Herring*, 77 N.M. 232, 421 P.2d 767 (1966), *cert. denied*, 388 U.S. 923, 87 S.Ct. 2126, 18 L.Ed.2d 1372 (1967); *State v. Duran*, 105 N.M. 231, 731 P.2d 374 (Ct.App. 1986). In this case, husband waived his right to pursue an appeal by virtue of his failure to seek an extension of time in which to do so, and his failure to file his notice of appeal in a timely manner.

The New Mexico Supreme Court is vested with the authority to promulgate rules of pleading, practice, and procedure. *State v. Arnold*, 51 N.M. 311, 183 P.2d 845 (1947). The supreme court adopted revised appellate procedural rules on September 16, 1986, governing appeals brought after January 1, 1987. *See* SCRA 1986, Judicial Pamphlet 12, at 1. We do not consider husband's arguments concerning rulings of the supreme court antedating the effective date of the new rules, as those cases were decided under earlier versions of the rules. *See Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970); *Starnes v. Starnes*, 72 N.M. 142, 381 P.2d 423 (1963).

■ The revised rules include the provision that the filing of post-trial motions, including motions for a new trial, do not extend the time limits for the filing of the notice of appeal. Husband argues that the rule is silent with respect to the tolling of the time in which to bring an appeal, and that Rule 12–201(E)(5) "implicitly recognizes" that the denial by operation of law of a post-trial motion for new trial attacking the judgment or findings is a separate appealable event. We do not address husband's contention concerning the tolling of time for the taking of an appeal, as he fails to cite any authority in support of that contention. *See State v. Casteneda*, 97

N.M. 670, 642 P.2d 1129 (Ct.App.1982). Instead we rely on *State ex rel. HSD v. Jasso,* wherein this court held that an extension of time in which to appeal cannot arise by implication. Thus, we hold that husband's notice of appeal from the underlying judgment was not timely filed and the appeal from that judgment must be dismissed.

■ Regarding the denial by operation of law of his motion for reconsideration or in the alternative for a new trial, husband admits that this court is without authority to overrule precedent established by our supreme court. *See Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973). Our calendar notice relies on *Public Service Co. v. First Judicial District Court,* for the proposition that where a new trial merely asks the trial court to reconsider issues already presented at trial, denial of the motion is not a separate appealable event. This principle was recently reiterated by this court in *State ex rel. HSD v. Jasso.* Husband argues that our reliance is misplaced, and that the governing precedent is *Terry v. Biswell,* 66 N.M. 201, 345 P.2d 217 (1959), in which he alleges the supreme court held that issues raised in a motion for new trial were preserved for appellate review. Again, we disagree.

Regarding husband's second contention, that this court is bound by *Terry v. Biswell* to the effect that issues raised in a post-trial motion were preserved for appellate review, we do not concur with husband's reading of that case. In *Terry,* the supreme court did not rule on the basis of preservation of the issues, but instead found that the defendants had no standing to complain on appeal that the amount of the verdict in favor of the plaintiff was inadequate. *Id.* at 206, 345 P.2d at 220. The controlling precedent is therefore *Public Service Co. v. First Judicial District Court,* and *State ex rel. HSD v. Jasso.* Moreover, we are without authority to overrule those cases. *See Alexander v. Delgado.*

Husband also argues that Rule 12–201(E)(5) "impliedly" recognizes a right to appeal from the denial of post-trial motions attacking the judgment, verdict, or findings. We decline to read the rule in this manner. *Cf. State v. Pendley,* 92 N.M. 658, 593 P.2d 755 (Ct.App.1979) (this court should not add language to statutes); *Alexander v. Delgado.* Rule 12–201(E)(5) merely states that the trial court's failure to act on such motions within thirty days is deemed an automatic denial. The plain language of the rule does not go so far as to say that all such motions represent separate appealable events, and in light of pertinent language in *Public Service Co. v. First Judicial District Court,* the most that could be said is that the denial of *some* motions may be separately appealable. This proposition, however, is not before us. *See In re Bunnell,* 100 N.M. 242, 668 P.2d 1119 (Ct.App.1983).

In summary, we hold that husband's motion for reconsideration, or in the alternative for a new trial, involved issues that were presented to the district court at trial and under the express holding in *Public Service Co. v. First Judicial District Court,* the denial of that motion is not separately appealable. *See also State ex rel. HSD v. Jasso.* Because we determine the late filing to be jurisdictional and the denial for reconsideration to be a non-appealable order, the appeal is dismissed.

Husband has filed a motion for review of the district court's denial of his motion for a stay in the execution of the final decree and judgment. In light of the disposition herein, that motion is denied.

Wife is awarded the sum of $500.00 for the services of her attorney on appeal.

IT IS SO ORDERED.

ALARID and APODACA, JJ., concur.