807 P.2d 245

**Sophie TORRES, Plaintiff,**

**v.**

**SMITH'S MANAGEMENT CORP., a foreign corporation d/b/a Smith's Food King, Defendant/Third–Party Plaintiff–Appellant,**

**v.**

**Fabian CHAVEZ, Superintendent of Insurance of the Department of Insurance for the State of New Mexico, and the Subsequent Injury Fund, Third–Party Defendants–Appellees.**

**No. 12668.**

Court of Appeals of New Mexico.

Feb. 26, 1991.

Leonard J. Padilla, Daniel E. Ramczyk, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for defendant/third-party plaintiff-appellant.

Barbara L. Shapiro, Robert J. Wagoner, Poole, Tinnin & Martin, P.C., Albuquerque, for third-party defendants-appellees.

## OPINION

MINZNER, Judge.

Employer appeals the district court's denial of its claim against the Subsequent Injury Fund (Fund). Our calendar notice proposed dismissal of the appeal because employer filed its notice of appeal with this court instead of with the district court. No notice of appeal was filed with the district court clerk, although a copy was sent to the district court judge who tried the case. Employer filed a memorandum in opposition to the calendar notice. Not being persuaded by employer's memorandum, we dismiss.

Employer argues in its memorandum in opposition that NMSA 1978, Section 52–5–8 (Cum.Supp.1990) governs the appellate process for the present case, and that it complied with the statute by filing its notice of appeal with this court instead of with the district court. In addition, employer argues that there is nothing in the appellate rules or statutes that makes a distinction between workers' compensation cases originating from the district court and workers' compensation cases originating from the Workers' Compensation Administration. However, Section 52–5–8 provides that appeals from decisions made by a *workers' compensation judge* (emphasis added) are to be taken by filing a notice of appeal with this court. The clear language of the statute indicates that it applies only to decisions made by administrative law decision makers.

Further, there is an applicable appellate court rule. *See Maples v. State*, 110 N.M. 34, 791 P.2d 788 (1990) (on procedural matters, a rule adopted by the supreme court governs over an inconsistent statute). SCRA 1986, 12–202(A) requires a party seeking to appeal from a district court judgment to file a notice of appeal with the district court clerk. Here, the appeal was taken from a district court judgment. We therefore hold that Section 52–5–8 is not applicable to employer's appeal. Rather, employer was required to follow SCRA 1986, Rules 12–201 and 12–202 in order to perfect its appeal.

Employer argues in the alternative that this court should distinguish this case from the recent decision of *Lowe v. Bloom*, 110 N.M. 555, 798 P.2d 156 (1990). In *Lowe*, our supreme court held that the filing of the notice of appeal with the district court clerk within the time allowed by Rule 12–201 is a jurisdictional prerequisite. Employer argues that *Lowe* should not apply in cases where "confusion and ambiguity exists between applicable court rules and legislative provisions." However, because by its terms Section 52–5–8 is not applicable to appeals taken from the district court, we are not persuaded that there is confusion and ambiguity, and we conclude the reasoning of *Lowe* controls the disposition of this case. *Cf. Marquez v. Gomez*, 111 N.M. 14, 801 P.2d 84 (1990) (recognizing an appeal as timely filed when, although the notice of appeal was not filed with the district court, a copy of the docketing statement had been).

Employer also contends that since *Lowe* was not a workers' compensation case that it should not apply in the present case. However, in *Lowe*, our supreme court specifically overruled *Martinez v. Wooten Construction Co.*, 109 N.M. 16, 780 P.2d 1163 (Ct.App.1989), an earlier workers' compensation decision of this court, to the extent that it implied a place of filing requirement was not jurisdictional. The supreme court's overruling of *Martinez* indicates that the *Lowe* rationale applies in workers' compensation cases.

This court recently applied *Lowe* to hold that the place of filing requirement was jurisdictional. *See Singer v. Furr's, Inc.*, 111 N.M. 220, 804 P.2d 411 (Ct.App.1990). In that case, on appeal from an order of a

workers' compensation judge, claimant filed his notice of appeal with the workers' compensation administration rather than with this court, as required by SCRA 1986, 12–601(B) (Cum.Supp.1990). No timely notice of appeal was filed with this court, and we dismissed the appeal for lack of jurisdiction.

Employer finally suggests that because this court's clerk accepted its notice of appeal for filing, the notice was properly filed. However, employer cites no authority indicating that the court of appeals clerk should not accept all documents presented for filing. Further, a notice of appeal is not conclusively presumed timely upon filing. *See, e.g., Labansky v. Labansky,* 107 N.M. 425, 759 P.2d 1007 (Ct.App.1988). We see no reason to make the distinction between timely filing and place of filing on which employer's argument depends and believe it would be inconsistent with *Lowe* to do so.

For these reasons, employer's appeal is dismissed for lack of this court's jurisdiction. *Cf. Singer v. Furr's, Inc.* (appeal dismissed for lack of jurisdiction when notice of appeal had been filed with the workers' compensation administration).

IT IS SO ORDERED.

BIVINS and APODACA, JJ., concur.