1997-NMCA-122

950 P.2d 290

**Lisa G. FEYNN, Plaintiff–Appellant,**

v.

**ST. MARTIN'S HOSPITALITY CENTER, Defendant–Appellee.**

**No. 18170.**

Court of Appeals of New Mexico.

Oct. 30, 1997.

Stephen D. Turpen, Stephen D. Turpen, P.A., Albuquerque, for Plaintiff–Appellant.

John B. Pound, Herrera, Long & Pound, P.A., Santa Fe, for Defendant–Appellee.

## OPINION

DONNELLY, Judge.

1. Following an adverse jury verdict, the entry of a final judgment denying Plaintiff's tort claims against St. Martin's Hospitality Center (St. Martin's), and denial of Plaintiff's motion for a new trial, Plaintiff filed an appeal to this Court. The dispositive issue before us involves the timeliness of Plaintiff's appeal. For the reasons discussed herein, we hold that Plaintiff's appeal was untimely and dismiss the appeal.

## FACTS AND PROCEDURAL POSTURE

2. Plaintiff brought suit against Lovelace Institutes (Lovelace) and St. Martin's alleging, among other things, that she enrolled as a participant in a drug and alcohol rehabilitation program; that she was sexually assaulted by another participant in the program; and that Lovelace and St. Martin's failed to exercise reasonable care to warn and protect her from injury from others.

3. Plaintiff settled with Lovelace, but St. Martin's denied liability. After a jury trial on September 11, 1996, the jury returned a verdict for St. Martin's. Nine days later, on September 20, 1996, Plaintiff filed a motion for a new trial. A hearing on the motion for

a new trial was held on October 9, 1996, and the trial court took the motion under advisement. On October 10, 1996, the trial court wrote a letter to counsel stating that it was denying Plaintiff's motion for a new trial and instructed counsel to submit an order "within 10 days from the date of this letter."

4. Counsel for St. Martin's prepared the order denying the motion for a new trial and mailed it to Plaintiff's attorney; however, because Plaintiff's counsel was in the process of moving his office, the order was misplaced. A final judgment was entered on November 22, 1996, dismissing Plaintiff's cause of action with prejudice. No appeal was taken from the final judgment.

5. Belatedly, on December 26, 1996, an order formally denying Plaintiff's motion for a new trial was filed. The order also recited that the "Court's letter to counsel dated October 10, 1996, is attached to this order and made a part hereof." Thereafter, on January 17, 1997, Plaintiff filed a notice of appeal from the trial court's order denying the motion for a new trial.

## DISCUSSION

6. St. Martin's challenges the timeliness of Plaintiff's appeal. It argues that Plaintiff's motion for a new trial pursuant to Rule 1–059, NMRA 1997 was automatically denied by operation of law under the provisions of Rule 12–201(D), NMRA 1997 thirty days after the motion was filed. *See also* NMSA 1978, § 39–1–1 (1917). Rule 1–059(D) specifies in applicable part that "[i]f a motion for new trial is not granted within thirty (30) days from the date it is filed, the motion is automatically denied."[1] Thus, St. Martin's contends that the last day within which Plaintiff could properly file a timely appeal from the denial of her motion for a new trial was October 21, 1996.[2]

---

1. Section 39–1–1 contains a provision similar to Rule 1–059(D). This statute states, in part, that the trial court retains jurisdiction, over cases tried to the court, for a period of thirty days after entry of a final judgment, "and for such further time as may be necessary to enable the court to pass upon and dispose of [a] motion" directed against the judgment, "provided, that if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof. . . ."

2. The thirty-day period prescribed under Rule 1–059(D) expired on October 20, 1996, which was a Sunday; thus, the period within which to appeal was extended to October 21, 1996, pursuant to Rule 1–006(A), NMRA 1997.

7. Responding to this argument, Plaintiff asserts that there was no automatic denial of her motion for a new trial under Rule 1–059(D) because the motion was heard and decided by the trial court within the thirty-day time limit prescribed by the rule. Therefore, Plaintiff contends that her motion was not denied by operation of law as provided by Rule 1–059(D) or by Section 39–1–1. Although Rule 12–201(E) permits a party to file a motion for an extension of time within which to file an appeal, Plaintiff did not request any extension. Instead, Plaintiff, relying in part on *Labansky v. Labansky*, 107 N.M. 425, 426, 759 P.2d 1007, 1008 (Ct.App. 1988), contends the time for filing her appeal from the denial of her motion for a new trial was tolled until December 26, 1996, when the trial court actually entered a formal order denying her motion. We disagree. Nor do we believe *Labansky* lends support to Plaintiff's position here. The district court in *Labansky* held a hearing on the plaintiff's motion within thirty days of the filing of such motion but failed to actually rule on the motion within the requisite period of time. In the present case, the trial court held a hearing on the motion for a new trial and in a letter to counsel within the thirty-day time period advised the parties that it had denied the motion. In both *Labansky* and the present case the court failed to enter an order setting forth its ruling on the motion within thirty days of the date of the filing of the motion.

8. As previously noted, Plaintiff strongly relies on the fact that the trial court held a hearing on the motion for a new trial well within the thirty-day period after the filing of the motion. Plaintiff therefore argues that there was "activity" by the trial court and that this had the effect of tolling the period within which to file the notice of appeal. The weakness in this argument, however, is that Rule 1–059(D) expressly provides that the motion will be deemed automatically denied if it is not granted within the thirty-day period. The rule is not tolled if the trial court has held a hearing on the motion. Instead, without exception, the express terms of the rule come into play.

9. Rule 12–201 of the Rules of Appellate Procedure specifies the time restrictions applicable for filing notices of appeal. The rule provides in applicable part:

**A. Filing notice.** The notice of appeal shall be filed within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office. The three (3) day mailing period set forth in Rule 12–308 does not apply to the time limits set forth above. A notice of appeal filed after the announcement of a decision, or return of the verdict, but before the judgment or order is filed in the district court clerk's office shall be treated as filed after such filing and on the day thereof. . . .

. . . .

**D. Post-trial motions extending the time for appeal.** *If a party timely files a motion pursuant to* Section 39–1–1 NMSA 1978, Rule 1–050(B), 1–052(B)(2), *or 1–059,* or a motion pursuant to Rule 5–614 . . . *the full time prescribed in this rule for the filing of a notice of appeal shall commence to run and be computed from either the entry of an order expressly disposing of the motion or the date of any automatic denial of the motion under that statute or any of those rules, whichever occurs first.* . . . The three (3) day mailing period set forth in Rule 12–308 does not apply to the time limits set forth in this paragraph. [Emphasis added.]

10. Under Rule 1–059(B), a motion for a new trial may be filed within ten days *after* entry of the court's final judgment; however, a motion for a new trial served before a final judgment is entered, as was the case here, is within the time constraints of Rule 1–059(E). *See In re Estate of Keeney*, 1995 NMCA 181, 121 N.M. 58, 60, 908 P.2d 751, 753 (motion filed before actual entry of judgment deemed timely); *see also Saranillio v. Silva*, 78 Hawai'i 1, 889 P.2d 685, 691 (1995) (Rule 59(e) "does not require that a motion be served *after* the entry of judgment; it imposes only an outer time limit . . . requiring that it be served 'not later than 10 days after the entry of the judgment.' ").

11. While Plaintiff is correct that the trial court heard the motion within the thirty-day period prescribed by Rule 1–059(D), the rec-

ord indicates that the trial court promptly notified the parties by letter that it had denied the motion on October 10, 1996, and directed that an order be submitted within ten days in accordance with such ruling. We do not believe the failure to comply with the trial court's directions regarding the timely submission of an order implementing the court's ruling served to extend the period of time within which to appeal from the denial of the motion. Under these circumstances, Plaintiff's motion for a new trial is deemed to have been denied by operation of law, thirty days after the filing of the motion for a new trial.

12. Construction of Rule 1–059 in the manner advocated by Plaintiff would toll the time beyond that contemplated in Rule 1–059(D) and would circumvent the provisions of Rule 12–201 which govern the manner and means for seeking extensions of time for the filing of notices of appeal. *See Gomez v. Nielson's Corp.*, 119 N.M. 670, 673, 894 P.2d 1026, 1029 (Ct.App.1995) (policy precludes doing indirectly what one is not permitted to do directly); *see also Chavez v. U–Haul Co. of N.M., Inc.*, 1997 NMSC 051, ¶¶ 8–12, 124 N.M. 165, 947 P.2d 122 (specifying time period for seeking extension of time for filing appeal when either post-trial or no post-trial motions have been filed); *Labansky,* 107 N.M. at 426, 759 P.2d at 1008 (extensions of time to file appeal must be specifically requested).

13. Since the appeal from the order denying the motion for a new trial was filed on January 17, 1997, over three and one-half months after the motion for a new trial was filed, and over sixty days from the date the motion was denied by operation of law, and no extensions of time within which to file an appeal were sought or granted, Plaintiff's appeal was untimely.

*CONCLUSION*

14. The motion to dismiss the appeal is granted.

15. IT IS SO ORDERED.

APODACA and ARMIJO, JJ., concur.