2003-NMCA-081

70 P.3d 1273

Diane MARTINEZ, Plaintiff–Appellee/Cross–Appellant,

v.

Susan FRIEDE, Defendant–Appellant/Cross–Appellee.

No. 22,442.

Court of Appeals of New Mexico.

Feb. 27, 2003.

Certiorari Granted, No. 28,025, June 19, 2003.

Gerald A. Coppler, Coppler & Mannick, P.C., Scott F. Voorhees, Scott F. Voorhees, P.C Santa Fe, NM, for Appellee/Cross–Appellant.

Walter J. Melendres, Montgomery & Andrews, P.A., Santa Fe, NM, for Appellant/Cross–Appellee.

## OPINION

ALARID, Judge.

{1} This case requires us to determine the point in time at which a trial court's jurisdiction to grant a motion for a new trial terminates. We hold on the facts of this case that the trial court's jurisdiction terminated by operation of law thirty days after the motion for new trial was filed. As a consequence, the trial court's order purporting to grant a new trial more than thirty days after the motion was filed is void, as are the proceedings conducted pursuant to that void order.

## BACKGROUND

{2} Plaintiff–Appellee, Diane Martinez, was injured in an automobile accident. Plaintiff sued the other driver, Defendant Appellant, Susan Friede. At trial, the jury found Defendant 100% at fault for the accident. During the trial, Plaintiff described

the pain she had experienced as a result of injuries incurred in the accident. Plaintiff's expert medical witness testified that Plaintiff had suffered injury to the muscles in her back, and that Plaintiff experienced severe muscular-skeletal pain in her neck and left hip. Defendant's expert medical witness testified that Plaintiff would have experienced "a lot of headaches, early on after the accident." The jury was also presented with evidence that Plaintiff had been treated by a psychologist for problems in dealing with physical pain and anxiety resulting from the accident. Defense counsel conceded in closing argument that Plaintiff had suffered some compensable pain during the five months immediately following the accident. The trial court directed a verdict for Defendant as to Plaintiff's claim for damages for future pain and suffering. This necessitated a modification to the Uniform Jury Instruction on pain and suffering. Plaintiff did not object to the instruction, and it was her attorney who actually handwrote the modification on the jury instruction. The jury awarded Plaintiff $4,353.75. On the special verdict, the jury indicated that it awarded Plaintiff no damages for pain and suffering.

{3} On August 3, 1999, the trial court entered a judgment on the jury's verdict. On August 10, 1999, Plaintiff filed a motion for a new trial on the issue of damages for pain and suffering. Citing *Jones v. Pollock*, 72 N.M. 315, 383 P.2d 271 (1963) and *Martinez v. Teague*, 96 N.M. 446, 631 P.2d 1314 (Ct.App.1981), Plaintiff argued that the verdict awarding no damages for pain and suffering was unreasonable. Plaintiff's motion did not indicate the Rule (or Rules) of Civil Procedure pursuant to which her motion was brought.

{4} On September 1, 1999, the trial court issued a notice of hearing setting a hearing for September 10, 1999. At the September 10, 1999 hearing, Plaintiff suggested an alternate ground for granting a new trial: jury confusion caused by the modified instruction on damages for pain and suffering. The trial court stated that although it did not personally agree with the jury's verdict, there was substantial evidence to support an award of no damages for pain and suffering. The trial

court requested further briefing on the issue of possible jury confusion resulting from modification of the Uniform Jury Instruction on damages for pain and suffering. In her supplemental brief, Plaintiff expressly relied upon Rule 1–059(A). On December 13, 1999, the trial court entered an order granting Plaintiff a new trial on damages on the ground that the jury instruction on pain and suffering was "confusing and ambiguous."

{5} A new trial on damages, in which the jury instruction on pain and suffering incorporated the language of UJI 13–1807 NMRA 2003 without modification, resulted in a jury verdict of $10,353.75. The trial court entered judgment on the second verdict on May 24, 2001. Defendant filed a notice of appeal from the second judgment.

{6} After the appeal was fully briefed and assigned to a panel of this Court, we noted a potentially dispositive question of jurisdiction: whether, by operation of Rule 1–059(D) NMRA 2003, Plaintiff's motion was "automatically denied" on September 9, 1999–the day before the hearing was conducted on Plaintiff's motion. We requested supplemental briefs addressing the issues of the trial court's jurisdiction to grant a motion for new trial subsequent to September 9, 1999; and, whether, if jurisdiction was lacking, the further proceedings in this case, including the new trial, were void. *In re Doe, III*, 87 N.M. 170, 171–72, 531 P.2d 218, 219–20 (Ct.App. 1975) (noting obligation of appellate court to resolve jurisdictional issues once they have come to attention of court).

## DISCUSSION

{7} At common law, a trial court had "a plenary power to vacate, set aside, modify, and annul" a judgment during the term of court in which the judgment was rendered. *Laffoon v. Galles Motor Co.*, 80 N.M. 1, 2, 450 P.2d 439, 440 (Ct.App.1969). In 1897, the Legislature enacted a comprehensive statutory scheme regulating civil procedure. 1897 N.M. Laws, ch. 73 (An Act to Simplify Procedure in Civil Cases). Chapter 73 included provisions addressing the circumstances under which new trials could be

granted in cases tried to a jury, Section 133 [1], and judgments set aside, Sections 131 [2], 134 [3], 137 [4].

{8} Statutory regulation of civil procedure pursuant to chapter 73 continued for many years. In 1933, the Legislature enacted the following provisions:

Section 1. The Supreme Court of the state of New Mexico shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts of New Mexico, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. . . .

Sec. 2. All statutes relating to pleading, practice and procedure, now existing, shall, from and after the passage of this act, have force and effect only as rules of court and shall remain in effect unless and until modified or suspended by rules promulgated pursuant hereto.

1933 N.M. Laws, ch. 84 [NMSA 1941, §§ 19–301, 19–302]. Shortly after the enactment of chapter 84, the Supreme Court described its effect:

When the legislature enacted chapter 84, it merely withdrew from a field wherein it had theretofore functioned as a co-ordinate branch of our government with the court in the promulgation of rules of pleading, practice, and procedure. Whether the legislative branch of the government was ever rightfully in the rule-making field, or was a mere trespasser or usurper, need not now be determined. Chapter 84 is not a delegation of power. It is a mere abdication or withdrawal from the rule-making field. It is in effect a relinquishment of the rule-making field to the court. The Legislature, in effect, said to the court: "You make the rules hereafter."

*State v. Roy,* 40 N.M. 397, 419, 60 P.2d 646, 660 (1936).

{9} On March 20, 1942, the Supreme Court adopted the Rules of Civil Procedure for the District Courts of New Mexico (Rules), to be effective as of August 1, 1942. NMSA 1941, § 19–101(86), annot. (Order of Court Promulgating Rules). From their original enactment to the present, the Rules have contained specific rules providing for the granting of new trials and other relief from judgments and orders. *Compare* NMSA 1941, §§ 19–101(59) and (60) *with* Rules 1–059 and 1–060 NMRA 2003. In 1949, Rule 60 was amended to expressly abolish various common-law writs and to limit the methods for obtaining relief from a judgment to the motions prescribed by the Rules or by an independent action. NMSA 1941, § 19–101(60)(b) (1951 Cum.Supp.). The goal of the 1949 amendments to the Rules was to create a unified system of procedure in which the Rules "will deal with the practice in every sort of case in which relief from final judgments is asked, and prescribe the practice." Fed. Rule Civ. P. 60, advisory committee notes to 1946 amendment to Rule 60(b); Section § 19–101(60)(b) committee comment (1951 Cum.Supp.) (referring reader to Federal Rules Committee's discussion of

---

**1.** Sec. 133 provided:

All motions for new trials in cases tried by juries shall be filed during the term of the court at which the case is tried, and within five days after the rendition of the verdict or findings.

Every such motion shall be argued or submitted and decided during the term at which the case is tried, unless the court shall for good cause expressly continue it, and no general order of continuance of pending causes, motions and proceedings shall be held a continuance of such a motion. A failure by the court to pass on or continue such a motion during the same term at which the case has been tried shall be considered as a denial of the same, and no continuance of such a motion shall be for a longer period than thirty days after the expiration of the term.

**2.** Sec. 131 provided:

Any interlocutory judgment, or default, may, for good cause shown, be set aside at any time before the damages or assessed or final judgment rendered upon such terms as shall be just.

**3.** Sec. 134 provided:

No motion to set aside any finding or judgment rendered out of term time shall be entertained unless it shall be filed and a copy thereof served upon the opposite party within ten days after the entry of such finding or judgment.

**4.** Sec. 137 provided:

Judgments may be set aside for irregularity, on motion filed at any time within one year after the rendition thereof.

corresponding amendments to federal rules). The remedies provided by the Rules, supplemented by the remedy of an independent action, have superceded the common-law rule noted in *Laffoon*, various common law writs, and Sections 131, 134, and 137 of chapter 73 of 1897 New Mexico Laws. It is to the Rules that we must look to determine whether the trial court retained jurisdiction to grant Plaintiff a new trial on damages.[5]

{10} In response to our request for additional briefing, Plaintiff, citing *Archuleta v. New Mexico State Police*, 108 N.M. 543, 775 P.2d 745 (Ct.App.1989), argues that we should construe her motion for a new trial as a Rule 1–060(B)(6) motion, rather than as a Rule 1–059(A) motion. Plaintiff points out that unlike Rule 1–059, Rule 1–060 does not impose a time limit within which the district court must act on a motion.

{11} In *Archuleta*, we held that a motion for a new trial authorized by Rule 1–060(B) is not subject to Rule 1–059(D)'s requirement that the motion be decided within thirty days from the date of filing. However, subsequent to *Archuleta*, we held in *Dozier v. Dozier*, 118 N.M. 69, 878 P.2d 1018 (Ct.App. 1994), that a Rule 1–060(B) motion may not be used to obtain relief on a ground that was known or should have been known to the movant in time to bring a Rule 1–059 motion.

■ {12} Here, the trial court granted the new trial on the ground that the jury likely was confused by the extemporized modification to the jury instruction on damages for pain and suffering. There is no dispute as to the fact that Plaintiff's counsel participated in the preparation of the modified UJI. Because the fact of the modification of the UJI on damages for pain and suffering was known to Plaintiff and its possible role in the jury's failure to award damages for past pain and suffering was known or should have been known to Plaintiff when she filed her motion for a new trial, *Dozier* precludes the characterization of Plaintiff's motion for a new trial as a Rule 1–60(B) motion. Thus, Plaintiff is

relegated to the remedy provided by Rule 1–059.

{13} When the trial court failed to rule on the motion within the thirty-day period prescribed by Rule 1–059(D), the motion was denied by operation of law, *Feynn v. St. Martin's Hospitality Ctr.*, 1997–NMCA–122, ¶¶ 7–12, 124 N.M. 317, 950 P.2d 290, and the trial court's jurisdiction to grant a new trial terminated, *see Chavez–Rey v. Miller*, 99 N.M. 377, 379–81, 658 P.2d 452, 454–56 (Ct. App.1982) (applying thirty-day deadline of former N.M.R. Civ.App. P. 3). The trial court's order granting a new trial was void for want of jurisdiction, as were any proceedings conducted pursuant to that order. *See Wagner Land & Inv. Co. v. Halderman*, 83 N.M. 628, 630, 495 P.2d 1075, 1077 (1972) (applying thirty-day deadline of NMSA 1953, § 21–9–1 [NMSA 1978, § 39–1–1] (1897, as amended 1917); holding that trial court was without jurisdiction to grant plaintiffs' motion for leave to file requested findings of fact and conclusions of law where trial court did not act upon motion within thirty days from date of filing); *State v. Lucero*, 2001–NMSC–024, 130 N.M. 676, 30 P.3d 365 (holding that failure to file motion for new trial within ten-day deadline of Rule 5–614(C) NMRA 2001 is non-waivable jurisdictional defect that deprives trial court of jurisdiction to rule on motion).

■ {14} We recognize that recent cases have "distinguished between absolute jurisdictional requirements and 'more equivocal jurisdictional matters[.]' " *Lucero*, 2001–NMSC–024, ¶¶ 9–10, 130 N.M. 676, 30 P.3d 365. Even if we were to treat the thirty-day deadline of Rule 1–059(D) as an equivocal jurisdictional matter, this case does not present circumstances that would justify an exception from the express requirements of Rule 1–059(D).

{15} Plaintiff's motion was denied by operation of law on September 9, 1999, the day before the hearing scheduled by the trial court. We believe that primary responsibility for obtaining a setting within the time

---

**5.** Plaintiff has not addressed the availability of an independent action to set aside the judgment. Accordingly, we do not consider whether an independent action would be supportable on the

facts of this case. *See generally Sanders v. Estate of Sanders*, 1996–NMCA–102, 122 N.M. 468, 927 P.2d 23 (discussing requirements for an independent action to set aside a judgment).

limits of Rule 1–059(D) lies with the party seeking a new trial; therefore, it was Plaintiff's responsibility to call to the trial court's attention the necessity of obtaining a ruling within the time limits of Rule 1–059(D). In this regard, we note that as of August 1999, when Plaintiff filed her motion for a new trial, the Local Rules for the Fourth Judicial District provided a simple procedure for requesting an expedited decision, which included the requirement that the movant "state in the motion the reason for requesting an expedited decision." LR4–304(H)(2) NMRA 1996. Further, the Local Rules for the Fourth Judicial District incorporated a form request for hearing that includes a space for indicating any "[a]pplicable time limits." LR4–Form A. This form was employed in the present case, but no information was provided in the space for "[a]pplicable time limits." In view of Plaintiff's omission of any reference to a specific Rule of Civil procedure in her motion for new trial and in the absence of some indication that Plaintiff advised the trial court of the necessity of hearing and ruling on Plaintiff's motion no later than September 9, 1999, we are not inclined to attribute the resulting jurisdictional defect to "court-caused error or a circumstance beyond counsel's control." *See San Juan 1990–A, L.P. v. El Paso Prod. Co.*, 2002–NMCA–041, ¶¶ 23–27, 132 N.M. 73, 43 P.3d 1083 (declining to excuse parties from jurisdictional consequences of failure to file timely notices of appeal).

{16} Plaintiff has cross-appealed, seeking review of the trial court's refusal to award Plaintiff prejudgment interest pursuant to NMSA 1978, § 56–8–4(B) (1851, as amended through 1993). Plaintiff's motion for prejudgment interest was filed in March 2001, after judgment was entered on the jury verdict in the second trial. In our view, Section 56–8–4(B) presupposes a valid judgment; and, therefore, a judgment that has been set aside for want of jurisdiction cannot be the basis for an award of prejudgment interest. Our conclusion that the judgment entered on the second jury verdict is void for want of jurisdiction disposes of Plaintiff's cross-appeal.

## CONCLUSION

{17} The May 24, 2001 judgment is vacated and this case is remanded with instructions to reinstate the August 3, 1999 judgment. Plaintiff's cross-appeal is dismissed.

{18} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE and CYNTHIA A. FRY, Judges.