This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ERNESTINE ESPARZA,**

    Petitioner-Appellee,

v.                                 **NO. 31,313**

**FRANK ESPARZA,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Fuentes & Associates, P.C.
Robert Fuentes
Rio Rancho, NM

for Appellee

Law Offices of Lynda Latta, LLC
Linda L. Ellison
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Respondent appeals from the district court's final decree of dissolution. This Court issued a calendar notice proposing to dismiss Respondent's appeal for lack of a final order. Respondent has filed a memorandum in opposition requesting that this Court not dismiss his appeal. Respondent instead requests that we stay his appeal pending a decision by the district court or permit him to reinstate his appeal following the district court's ruling. Respondent argues that this procedure is necessary to preserve his right to appeal the underlying decision. We disagree with Respondent's argument, and for the reasons stated below, dismiss Respondent's appeal. We note, however, that nothing in this ruling prohibits Respondent from appealing once the district court enters a final order.

In this Court's calendar notice, we pointed out that "our appellate jurisdiction is limited to review of 'any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights[.]'" *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 17, 140 N.M. 920, 149 P.3d 1017 (citing NMSA 1978, § 39-3-2 (1966)). When a post-judgment motion is filed that could alter, amend, or moot the judgment, the judgment is no longer final for purposes of appeal, and the time for filing a notice of appeal begins to run from the filing of the order disposing of the post-judgment motion. *See Grygorwicz v. Trujillo*, 2009-NMSC-009,

¶ 8, 145 N.M. 650, 203 P.3d 865; *Dickens v. Laurel Healthcare LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675. We proposed to conclude that Respondent's act of requesting reconsideration of the district court's decision rendered the underlying order non-final. Further, because it did not appear that the district court had ruled on Respondent's motion, we proposed to conclude that this appeal was premature.

Respondent has filed a memorandum in opposition in which he confirms that no order has been entered on his motion for reconsideration and that the hearing on the motion has been continued until January 4, 2012. [MIO 2] Respondent, however, contends that if this Court dismisses his appeal he will not be able to appeal from the district court's order denying his motion for reconsideration. [MIO 3] In support of this proposition, Respondent relies on *Labansky v. Labansky*, 107 N.M. 425, 759 P.2d 1007 (Ct. App. 1988). In *Labansky*, this Court dismissed the husband's appeal as an untimely appeal from the underlying judgment or final decree. In doing so, this Court stated that "[a]n extension of time to file an appeal does not arise by implication from the filing of a motion for a new trial or a motion for reconsideration[.]" 107 N.M. at 426, 759 P.2d at 1008. We went on to say that "Rule 12-201(D) . . expressly disallows the automatic extension of the time in which to file an appeal by virtue of the filing of post-trial motions." *Id.* Since *Labanasky*, however, our Supreme Court

has modified these rules, such that the filing of a post-trial motion that could alter, amend or moot the judgment tolls the time for filing a notice of appeal. *See Grygorwicz,* 2009-NMSC-009, ¶ 8 (explaining that, if a party makes a post-judgment motion directed at the final judgment the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion). Further, a motion for reconsideration that could alter, amend or moot the judgment renders the underlying judgment non-final for the purpose of appeal. *See Dickens,* 2009-NMCA-122, ¶ 4 (holding that the filing of a motion pursuant to Rule 1-059(E) NMRA rendered the underlying order non-final). The proper time for filing of the notice of appeal is thirty days from the entry of a final judgment. In the present case, the proper time for filing the notice of appeal is within thirty days of the district court's order ruling on Respondent's motion for reconsideration.

To the extent Respondent requests that this Court either stay his appeal pending the district court's decision on his motion for reconsideration or permit him to file a motion to reinstate his appeal after a ruling by the district court, we decline to do so. Respondent has requested this relief in an effort to "preserve" and "perfect" his appeal, so as not to lose his right to appeal the underlying judgment. For the reasons stated above, such action is unnecessary since the time for appeal does not begin to

run until the district court enters a final order. Respondent's appeal is therefore dismissed as premature.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**