2004-NMSC-006

86 P.3d 596

Diane MARTINEZ, Plaintiff–Petitioner,

v.

Susan FRIEDE, Defendant–Respondent.

No. 28,025.

Supreme Court of New Mexico.

Feb. 20, 2004.

**173**

Coppler & Mannick, P.C., Gerald A. Coppler, Santa Fe, NM, for Petitioner.

Montgomery & Andrews, P.A., Walter J. Melendres, Tonia Ouellette Klausner, Santa Fe, NM, for Respondent.

## OPINION

MINZNER, Justice.

{1} We were petitioned to review the opinion of the Court of Appeals, which held that the district court's order granting a new trial was void since the court lacked jurisdiction to rule on a motion for new trial more than thirty days after it was filed. *Martinez v. Friede*, 2003–NMCA–081, ¶ 1, 133 N.M. 834, 70 P.3d 1273. We granted certiorari pursuant to NMSA 1978, Section 34–5–14(B) (1972) and Rule 12–502 NMRA 2004. We hold that the district court lacked the authority to grant Petitioner's motion for new trial under Rule 1–059 NMRA 2004; however, the district court's reopening of the judgment and granting of a new trial was authorized and proper under Rule 1–060(B)(6) NMRA 2004. Therefore, we reverse the Court of Appeals and reinstate the May 24, 2001 judgment in this case, which included damages of $10,353.75 for Petitioner's pain and suffering.

## I

{2} This case arose out of an automobile accident in Albuquerque. Susan Friede ("Respondent") was the driver of one car and Diane Martinez ("Petitioner") the driver of the other. Antonette Martinez and Benjamin Martinez were both passengers in the car driven by Petitioner. Petitioner and each of her passengers sustained physical injury and thus filed suit against Respondent. At trial, all three plaintiffs alleged they were entitled to damages resulting from past and future pain and suffering. At the close of evidence, the district court granted a directed verdict against Petitioner and Benjamin Martinez denying them damages for future pain and suffering. The district court ordered the parties to modify the jury instructions to reflect the directed verdict. As modified, Jury Instruction No. 23 read in full:

If you should decide in favor of any plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him or her for any of the following elements of damages proved by such plaintiff to have resulted from the negligence as claimed:

(1) The reasonable expense of necessary medical care, treatment and services received. Interest charged by Dr. Nagakura cannot be considered.

(2) The nature, extent and duration of the injury.

(3) The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injury. *You can consider future pain and suffering as to plaintiff Antonette Martinez only.*

(4) The aggravation of any preexisting ailment or condition, but you may allow damages only for the aggravation itself and not for the preexisting ailment or condition.

The guide for you to follow in determining compensation for pain and suffering, if any, is the enlightened conscience of impartial jurors acting under the sanctity of your oath to compensate the plaintiff with fairness to all parties to this action.

Whether any of these elements of damages have been proved by the evidence is for you to determine. Your verdict must be based upon proof and not upon speculation, guess or conjecture. Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

(Emphasis added.) Jury Instruction No. 23 was then submitted to the jury without objection from either party.

{3} The jury found Respondent wholly liable for the accident and awarded Petitioner medical expenses of $4353.75, Benjamin Martinez medical expenses of $1908.50, and

Antonette Martinez medical expenses of $16,143.75. The jury also initially returned a general award of $30,000, but failed to specify how this award was to be divided among the plaintiffs. The district court, with the approval of the attorneys for both sides, requested that the jury clarify its general award of $30,000. The jury deliberated briefly before writing on the special verdict form that Antonette Martinez was to receive $30,000 for her pain and suffering. On August 3, 1999, the district court entered judgment on the jury's verdict.

{4} On August 10, 1999, Petitioner and Benjamin Martinez timely filed a joint motion for new trial arguing that the verdict was not supported by substantial evidence. The district court set a hearing on the matter for September 10, 1999. At that hearing, Petitioner and Benjamin Martinez argued for the first time that the jury was confused by Jury Instruction No. 23. The district court found substantial evidence to support the jury's refusal to give Petitioner and Benjamin Martinez damages for pain and suffering. The district court further found that the jury was not confused by Jury Instruction No. 23 with respect to Benjamin Martinez. However, the district court invited further argument with respect to whether the jury was confused in its award of damages to Petitioner. In her supplemental briefing, Petitioner expressly asserted Rule 1–059(A) as providing the authority for the court to grant a new trial.

{5} On December 13, 1999, the district court issued an order granting a new trial on damages for Petitioner because "Jury Instruction No. 23[was] confusing and ambiguous" and "likely caused the [j]ury to enter its unjust and unsupportable judgment with regard to plaintiff Diane Martinez's damages for pain and suffering." As a result of that order, Respondent filed a Verified Petition for Writ of Superintending Control and Request for Stay of Proceedings, arguing the trial court erred by ordering a new trial and the erroneous order would result in a waste of time, money, and judicial resources. We denied Respondent's petition.

{6} In the meantime, Benjamin Martinez had appealed his damages award primarily on the ground that the trial court erred by denying him a new trial, especially in light of the court's granting of a new trial to Diane Martinez. On March 7, 2000, the Court of Appeals issued a memorandum opinion affirming the district court's refusal to grant Benjamin Martinez a new trial. The court focused solely on whether the trial court abused its discretion by not granting Benjamin Martinez a new trial. The Court of Appeals held that any juror confusion that might have resulted from the pain and suffering portion of Jury Instruction No. 23 "was immediately resolved by that portion of the instruction concerning aggravation of preexisting conditions." Apparently evidence was introduced at trial showing that Benjamin Martinez had a preexisting back injury that was aggravated during the accident.

{7} On March 6–8, 2001, a new trial was held on the issue of Petitioner's pain and suffering. The jury was given the same pain and suffering instruction as in the first trial with the exception that the sentence informing the jury it could only award future pain and suffering to Antonette Martinez was omitted. The jury was not precluded by its instructions at the second trial from awarding Petitioner damages for future pain and suffering. The second jury awarded Petitioner damages for pain and suffering in the amount of $10,353.75. On May 24, 2001, the district court entered judgment on the second verdict. Respondent timely appealed the case to the Court of Appeals asserting that the district court abused its discretion by granting Petitioner a new trial on damages.

II

{8} After the appeal was fully briefed on the merits of granting a new trial, the Court of Appeals requested supplemental briefing from the parties on whether the district court acted within its jurisdiction by granting a new trial more than thirty days after the motion for new trial was filed. *Martinez*, 2003–NMCA–081, ¶ 6, 133 N.M. 834, 70 P.3d 1273. Rule 1–059(D) states that "[i]f a motion for new trial is not granted within thirty (30) days from the date it is filed, the motion is

automatically denied." The Court of Appeals noted that Petitioner's motion for new trial was denied by operation of law since the district court failed to rule on that motion within thirty days of its filing. *Martinez,* 2003–NMCA–081, ¶ 13, 133 N.M. 834, 70 P.3d 1273. Thus, the court held that the order granting a new trial "was void for want of jurisdiction, as were any proceedings conducted pursuant to that order." *Id.*

{9} In so holding, the Court of Appeals addressed the applicability of *Archuleta v. New Mexico State Police,* 108 N.M. 543, 545–46, 775 P.2d 745, 747–48 (Ct.App.1989), which held that a district court may grant a motion for new trial beyond the thirty-day time limit imposed by Rule 1–059(D), provided the motion would have been authorized under Rule 1–060(B). The court, though, implicitly determined that Petitioner's motion was not authorized under Rule 1–060(B). The court cited *Dozier v. Dozier,* 118 N.M. 69, 878 P.2d 1018 (Ct.App.1994) for the proposition that "a Rule 1–060(B) motion may not be used to obtain relief on a ground that was known or should have been known to the movant in time to bring a Rule 1–059 motion." *Martinez,* 2003–NMCA–081, ¶ 11, 133 N.M. 834, 70 P.3d 1273. Based on this proposition, the court concluded:

> Here, the trial court granted the new trial on the ground that the jury likely was confused by the extemporized modification to the jury instruction on damages for pain and suffering. There is no dispute as to the fact that [Petitioner's] counsel participated in the preparation of the modified UJI. Because the fact of the modification of the UJI on damages for pain and suffering was known to [Petitioner] and its possible role in the jury's failure to award damages for past pain and suffering was known or should have been known to [Petitioner] when she filed her motion for a new trial, *Dozier* precludes the characterization of [Petitioner's] motion for a new trial as a Rule [1–060(B)] motion. Thus, [Petitioner] is relegated to the remedy provided by Rule 1–059.

*Id.* ¶ 12. Therefore, since Petitioner's motion for new trial was denied by operation of law pursuant to Rule 1–059(D), the court vacated the May 24, 2001 judgment awarding Petitioner $10,353.75 in pain and suffering and reinstated the August 3, 1999 judgment failing to award Petitioner any damages for pain and suffering. *Id.* ¶ 17.

## III

{10} The determination of whether the district court had jurisdiction to grant a new trial is a question of law, which we review de novo. *Cf. Gallegos v. Pueblo of Tesuque,* 2002–NMSC–012, ¶ 6, 132 N.M. 207, 46 P.3d 668 ("In reviewing an appeal from an order granting or denying a motion to dismiss for lack of jurisdiction, the determination of whether jurisdiction exists is a question of law which an appellate court reviews de novo."), *cert. dismissed,* 536 U.S. 990, 123 S.Ct. 32, 153 L.Ed.2d 894 (2002). In de novo review, we exercise our own independent judgment without assigning special weight to the decision of either the district court or the Court of Appeals. *See United States v. Brian N.,* 900 F.2d 218, 220 (10th Cir.1990).

### A

{11} Rule 1–059 sets forth the procedures governing post-trial motions for new trial in civil cases. Rule 1–059(A) provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted." Under Rule 1–059(B), a party's motion for new trial must be filed no later than ten days after the entry of judgment. Finally, Rule 1–059(D) states that "[i]f a motion for new trial is not granted within thirty (30) days from the date it is filed, the motion is automatically denied." Since Petitioner in this case timely filed a motion for new trial but the trial court failed to grant the motion within thirty days of the date of filing, we must first determine Rule 1–059(D)'s effect on the district court's power to order a new trial.

{12} The New Mexico Rules of Civil Procedure are modeled after the federal rules and our Rule 1–059 is substantially the same as its federal counterpart with one

**176**

notable exception—Federal Rule of Civil Procedure 59 does *not* impose a time limit on the trial court in granting new trial motions. The automatic denial provision in Rule 1–059(D), though, is not entirely unique to this state's rules of civil procedure. *See, e.g.,* Ark. R. Civ. P. 59(b) ("If the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day."). The automatic denial provision of Rule 1–059(D) was intended, at least in part, to assist district courts in managing their dockets by disposing of motions for new trial that are not acted upon within a specified time. *Cf. State v. Ratchford,* 115 N.M. 567, 571, 855 P.2d 556, 560 (1993) (stating that case management was one of the purposes of the automatic denial provision of Rule 5–614(C) NMRA 2004, which governs motions for new trial in criminal cases). If case management was the only policy reason for the automatic denial provision of Rule 1–059(D), this Court might well construe the rule as merely "a housekeeping rule" that was constructively waived by the district court in this case. *See Lovelace Med. Ctr. v. Mendez,* 111 N.M. 336, 339, 805 P.2d 603, 606 (1991).

{13} However, beyond assisting district courts with the management of their dockets, Rule 1–059(D) acts "to encourage expeditious determination of post-trial motions and to provide certainty in the calculation of the time within which a party must file a notice of appeal." *Campbell v. McGill,* 810 P.2d 199, 200 (Colo.1991) (en banc). Construing Rule 1–059(D) as a mere housekeeping rule would contravene these other policy reasons for automatically denying motions for new trial after a fixed period of time. *Cf. Canton Oil Corp. v. Dist. Court,* 731 P.2d 687, 693 (Colo.1987) (en banc) ("If trial courts could forestall the [time limit for ruling on motions for new trial] by merely taking some inconclusive action, the purpose of the rule would largely be defeated."). In order to avoid such an anomalous result, we agree with the Court of Appeals that "[w]hen the trial court failed to rule on the motion within the thirty-day period prescribed by Rule 1–059(D), the motion was denied by operation of law." *Martinez,* 2003–NMCA–

081, ¶ 13, 133 N.M. 834, 70 P.3d 1273. Therefore, the district court in this case lacked the authority to grant a new trial under Rule 1–059 beyond September 9, 1999, the day Petitioner's motion was denied by operation of law.

**B**

{14} Although the district court lacked the authority to grant a new trial under Rule 1–059, that rule is not the only authority upon which the district court may order a new trial. A new trial may also be an available remedy under Rule 1–060(B), which provides as follows:

On motion and upon such terms as are just, the court may relieve a party or his [or her] legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1–059;

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

{15} Petitioner's motion for new trial was deemed automatically denied on September 9, 1999. Also, Petitioner never filed a Rule 1–060(B) motion to seek relief from a final judgment and may actually have been precluded from filing such a motion. *See Dozier,* 118 N.M. at 71–72, 878 P.2d at 1020–21 (holding that a party's rejected motion for new trial may not be resubmitted as a Rule 1–060(B) motion). Nothing in the text of the rules, though, bars the district court from

*sua sponte* reopening judgment and granting a new trial based on Rule 1–060(B), even though a motion for new trial has been automatically denied. The federal rule, which is identical to our Rule 1–060(B), has been interpreted as follows:

> The rule says that the court is to act "on motion" and this is the usual procedure. However the court has power to act in the interest of justice in an unusual case in which its attention has been directed to the necessity for relief by means other than a motion.

11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2865, at 380 (2d ed.1995). In fact, we have previously stated that under Rule 1–060(B)(6) the district court retains a "reservoir of equitable power" to assure justice has been done. *Stein v. Alpine Sports, Inc.*, 1998–NMSC–040, ¶ 17, 126 N.M. 258, 968 P.2d 769. We now make clear that while this "reservoir of equitable power" will more often be tapped by a party's timely motion to reopen judgment, the district court may in exceptional circumstances reopen judgment and order a new trial *sua sponte*. *See Desjardin v. Albuquerque Nat'l Bank*, 93 N.M. 89, 91, 596 P.2d 858, 860 (1979) ("A judge can initiate relief from a judgment or order under Rule 60 on his [or her] own motion.").

{16} We recognize that the appellate courts of at least two other states have held that the trial court cannot reopen judgment to grant a new trial once a party's motion for new trial has been denied by operation of law. *See Phillips v. Jacobs*, 305 Ark. 365, 807 S.W.2d 923, 925 (1991) ("Rule 60 under our Arkansas rules should not be used to breathe life into an otherwise defunct Rule 59 motion."), *overruled on other grounds by Lord v. Mazzanti*, 339 Ark. 25, 2 S.W.3d 76 (1999); *Dodge v. Superior Court*, 77 Cal. App.4th 513, 91 Cal.Rptr.2d 758, 760–61 (Ct. App.2000) (holding that the sixty-day period for ruling on a new trial motion "may not be enlarged under the rubric of mistake, inadvertence, surprise, excusable neglect ... or by means of a nunc pro tunc order"). We believe, however, that such a bright-line rule would unnecessarily infringe upon the district court's power to reopen judgment under Rule 1–060(B) without materially advancing the primary purpose of the automatic denial provision of Rule 1–059(D), which is to provide parties with a definite date for calculating when they must file their notices of appeal.

{17} Specifically, Rule 12–201(A)(2) NMRA 2004 requires a notice of appeal to be filed within thirty days after the judgment in order to be timely. Rule 12–201(D), on the other hand, provides that if a party timely files a motion for new trial pursuant to Rule 1–059, the thirty days "shall commence to run and be computed from either the entry of an order expressly disposing of the motion or the date of any automatic denial." Therefore, despite the fact that the district court was still contemplating whether to grant a new trial on damages to Petitioner, the parties had thirty days from the date Petitioner's motion for new trial was automatically denied, September 9, 1999, to timely file a notice of appeal if they so desired. The district court's power to reopen judgment and grant a new trial pursuant to Rule 1–060(B) had no effect on the parties' ability to calculate the time in which they must file their notice of appeal. This is because a motion under Rule 1–060(B) "does not affect the finality of a judgment or suspend its operation." Rule 1–060(B)(6). Therefore, a district court's decision to grant relief "will not affect the time for filing an appeal" nor "interfere with the appellate court's timely disposition of the appeal." *Archuleta*, 108 N.M. at 548, 775 P.2d at 750.

{18} We agree with the Colorado Supreme Court that "the [district court] has ample powers under [Rule 1–060(B)] to set aside the judgment without unduly expanding the contours of the rule or undercutting the beneficial purposes of [Rule 1–059(D)]." *Canton Oil*, 731 P.2d at 695. To the extent *Dozier* can be read, as the Court of Appeals reasoned, to preclude a district court from acting under Rule 1–060(B) because a motion for new trial had been previously denied by operation of law, it is expressly overruled. The main holding of *Dozier* remains valid: that relief is disfavored under Rule 1–060 if the grounds for the relief were known to the movant in time to bring a motion under Rule

1-059. 118 N.M. at 71–72, 878 P.2d at 1020–21. That holding does not undercut the jurisdiction of the trial court to grant relief on its own motion under Rule 1–060. The Court of Appeals erred in this case by holding that the district court lacked jurisdiction to grant a new trial under Rule 1–060(B).

## IV

{19} Next, we must determine whether the district court properly exercised its discretion in reopening judgment and granting Petitioner a new trial on damages. We generally review the district court's grant of relief under Rule 1–060(B) for an abuse of discretion, see Meiboom v. Watson, 2000–NMSC–004, ¶ 29, 128 N.M. 536, 994 P.2d 1154, except in those instances where the issue is one of pure law, see Dozier, 118 N.M. at 71, 878 P.2d at 1020. Since the determination of whether a jury was confused by its instructions is factual in nature, we will review the district court's decision to reopen judgment and grant a new trial for abuse of discretion. To reverse the district court under an abuse-of-discretion standard, "it must be shown that the court's ruling exceeds the bounds of all reason ... or that the judicial action taken is arbitrary, fanciful, or unreasonable." Meiboom, 2000–NMSC–004, ¶ 29, 128 N.M. 536, 994 P.2d 1154 (quotation marks and quoted authority omitted) (omission in original); accord United Salt Corp. v. McKee, 96 N.M. 65, 68, 628 P.2d 310, 313 (1981).

{20} Rule 1–060(B)(6) provides that the court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." We have stated that "Rule 1–060(B)(6) is designed to apply only to exceptional circumstances, which, in the sound discretion of the trial judge, require an exercise of a 'reservoir of equitable power' to assure that justice is done." Stein, 1998–NMSC–040, ¶ 17, 126 N.M. 258, 968 P.2d 769. In this regard, Rule 1–060(B)(6) should be "liberally applied" to further the ends of justice. See Koppenhaver v. Koppenhaver, 101 N.M. 105, 109, 678 P.2d 1180, 1184 (Ct.App.1984).

{21} The jury in this case found Respondent wholly liable for the accident, yet failed to award her any damages for pain and suffering despite Petitioner's evidence of such damages. Under similar circumstances, a number of appellate courts in other jurisdictions have taken the following position:

> [A] verdict which awards compensation to the plaintiff for the exact amount, or approximately the exact amount, of his or her medical expenses and other special damages but which fails to award compensation for pain and suffering is improper or irregular where the plaintiff's pain and suffering was proved, undisputed, or where pain and suffering could be assumed to have resulted from the nature of the injuries involved.

Annotation, Validity of Verdict Awarding Medical Expenses to Personal Injury Plaintiff, but Failing to Award Damages for Pain and Suffering, 55 A.L.R.4th 186, § 3, at 198 (1987) (listing cases). While that rule may arguably apply in this state, see Jones v. Pollock, 72 N.M. 315, 318, 383 P.2d 271, 274 (1963), it is not necessary for us to decide that issue in this case. Nevertheless, the fact that the jury disregarded evidence of Petitioner's pain and suffering in its verdict does support the trial court's conclusion regarding possible juror confusion.

{22} While we have found no caselaw on this point, we see no reason to preclude a district court from acting under Rule 1–060(B)(6) to set aside a judgment and grant a new trial on the basis of juror confusion. Petitioner argues that there was a strong likelihood that the jury read Jury Instruction No. 23 as precluding all damages for pain and suffering, when the instruction was intended only to convey that the jury could not award her future pain and suffering damages. Jury Instruction No. 23 informed the jury that if it found Respondent liable, it must compensate the plaintiffs for various types of damages if proven. Even though the jury could legally award Petitioner damages for pain and suffering that she had experienced prior to trial, the jury was explicitly instructed that it could only award damages for future pain and suffering to Antonette Martinez. While Jury Instruction No. 23 may have been grammatically and legally correct, the language of the instruc-

tion nonetheless created the potential for confusion. The instruction does not explicitly state that Petitioner could actually receive damages for past pain and suffering. A reasonable juror might have concluded only damages for future pain and suffering could be awarded and only to Antonette Martinez, and thus no damages for pain and suffering could be awarded to Petitioner.

{23} Nonetheless, Respondent agues that any ambiguity that may have existed was cured when the trial court instructed the jury before its second deliberation that the award of $30,000 must be divided among the plaintiffs. If we presume that the jury understood and complied with the trial court's instructions, *see Vigil v. Miners Colfax Med. Ctr.*, 117 N.M. 665, 670, 875 P.2d 1096, 1101 (Ct.App.1994), then according to Respondent there was no evidence of jury confusion. The jury specifically wrote "$30,000 pain and suffering" next to Antonette Martinez's name on the special verdict form while writing "0" before and after Petitioner's name. Under Respondent's argument, this shows that the jury considered giving pain and suffering damages to Petitioner and decided against such an award, which arguably is within the province of the jury.

{24} We agree that unless there is evidence to the contrary, it is presumed that the jury understood the court's instructions. *See Britton v. Boulden*, 87 N.M. 474, 475, 535 P.2d 1325, 1326 (1975). In this case, though, there is strong evidence that the jury failed to understand Jury Instruction No. 23. It is clear that the jury was confused in its initial award of $30,000. The jury was asked to clarify its award but only briefly deliberated before awarding Antonette Martinez the entire $30,000. It is possible that the jury understood Jury Instruction No. 23, determined that Antonette was entitled to $30,000 in pain and suffering, and failed to believe that Petitioner experienced any pain and suffering despite evidence to the contrary. However, it was also perfectly reasonable for the district court judge, who is best situated to determine jury confusion in light of the evidence, to conclude that the jury's refusal to award Petitioner damages for pain and suffering was more likely the result of a misunderstanding of Jury Instruction No. 23. Under these circumstances, we cannot go so far as to say that the district court abused its discretion in setting aside the judgment and granting Petitioner a new trial on damages. *Cf. Rodriguez v. Conant*, 105 N.M. 746, 749–51, 737 P.2d 527, 530–32 (1987) (refusing to reverse for abuse of discretion when district court made reasonable determination to grant relief under Rule 1–060(B)(6)).

{25} Nonetheless, Respondent argues that regardless of whether Jury Instruction No. 23 was confusing, Petitioner was not entitled to relief from the judgment because she failed to object to the jury instruction. Rule 1–051(I) NMRA 2004 provides that "[f]or the preservation of any error in the charge, objection must be made to any instruction given, whether in UJI Civil or not." Although Rule 1–051(I) is generally applied to determine whether a claimed error in the jury instructions was adequately preserved for appeal, *see, e.g., Gillingham v. Reliable Chevrolet*, 1998–NMCA–143, ¶¶ 16–18, 126 N.M. 30, 966 P.2d 197; there is dicta in at least one Court of Appeals case indicating that a party's failure to object to the jury instructions acts as a bar to the district court's power to grant a new trial on the basis of jury confusion. *See Harrison v. ICX, Ill.-Cal. Exp., Inc.*, 98 N.M. 247, 252, 647 P.2d 880, 885 (Ct.App.1982) ("If [the jury instructions] were not proper, plaintiffs participated in the submission of these matters to the jury, and they cannot now seek to have the verdict set aside by way of a motion for a new trial or on appeal.").

{26} A number of other states, though, have held that a court may at a later time properly correct erroneous, misleading, or confusing jury instructions, even when the complaining party failed to object to those instructions. *See, e.g., Wheeler v. Bagley*, 254 Neb. 232, 575 N.W.2d 616, 619 (1998) (holding that while "the failure to object to instructions when submitted to counsel for review will [ordinarily] preclude raising an objection thereafter," the general rule "does not prevent the trial judge from correcting his or her instruction error by sustaining a motion for a new trial"). In this case, Rule 1–051(I) presents no barrier to the district

court's ability to reopen judgment under Rule 1–060(B) and grant a new trial on the basis of jury confusion, despite Petitioner's failure to object to Jury Instruction No. 23. A district court judge should have the power to recognize any confusion that his or her instructions may have caused the jury and to order a new trial when that confusion may have contributed to the jury's verdict. Furthermore, the preservation requirement of Rule 1–051(I) is not intended to be punitive; rather, it is intended "to ensure that the district court and opposing counsel are alerted to the error in order to provide the court an opportunity to correct a potential mistake." *Allen v. Tong*, 2003–NMCA–056, ¶ 32, 133 N.M. 594, 66 P.3d 963, *cert. quashed*, 2003–NMCERT–003, 135 N.M. 52, 84 P.3d 669. The purpose of Rule 1–051(I) would actually be undermined by precluding district court judges from correcting unpreserved errors prior to appeal. This is especially true in a case such as this, where only after an ambiguous or illogical verdict is returned by the jury will the district court be able to conclude (with the added benefit of hindsight) that the jury must have been confused.

{27} Finally, it is of little or no consequence that the district court did not explicitly rely on Rule 1–060(B) in its order granting a new trial. The substance of the order controls, not its title or form. *Cf. Century Bank v. Hymans*, 120 N.M. 684, 689, 905 P.2d 722, 727 (Ct.App.1995) ("The movant need not cite the provision authorizing the motion; the substance of the motion, not its title, controls."). In its order filed on December 13, 1999, the district court clearly granted a new trial in this case on the basis of juror confusion. Since we have held this to be an appropriate action under Rule 1–060(B)(6), the district court's failure to cite the rule does not render its order without force.

## V

{28} The Court of Appeals erred in holding that the district court lacked jurisdiction to grant Petitioner a new trial on damages. Thus, we reverse *Martinez v. Friede*, 2003–NMCA–081, 133 N.M. 834, 70 P.3d 1273 and reinstate the May 24, 2001 judgment entered by the district court, which included damages of $10,353.75 for Petitioner's pain and suffering.

{29} **IT IS SO ORDERED.**

WE CONCUR: PETRA JIMENEZ MAES, Chief Justice, PATRICIO M. SERNA, RICHARD C. BOSSON, and EDWARD L. CHÁVEZ, Justices.