# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**YVONNE GARDEA, n/k/a**
**YVONNE GALLEGOS,**

Petitioner-Appellee,

v.                                                                    NO. 29,275

**ROBERT GARDEA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Law Offices of Lynda Latta, LLC
Lynda Latta
Albuquerque, NM

for Appellee

Robert Gardea
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Robert Gardea (Respondent) appeals from the memorandum order denying his motion to amend the judgment and final decree of marriage and clarifying the division of military retirement pay. [RP273] The district court denied the motion on the basis that it lacked jurisdiction to review the matter on the merits. [Id.] The calendar

notice proposed summary reversal. Yvonne Gardea, n/k/a Yvonne Gallegos (Petitioner) has filed a memorandum in opposition. Unpersuaded, we reverse and remand for a hearing on the merits of Respondent's motion.

**DISCUSSION**

"A voluntary marital settlement agreement entered into by both spouses is sacrosanct and will not be upset by the court 'absent fraud, duress, mistake, breach of fiduciary duty, or *other similar equitable grounds for invalidating an agreement*.'" *Herrera v. Herrera*, 1999-NMCA-034, ¶ 18, 126 N.M. 705, 974 P.2d 675 (quoting *Ruggles v. Ruggles*, 116 N.M. 52, 70, 860 P.2d 182, 200 (1993) (emphasis added)). Rule 1-060(B) NMRA provides that, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment." Rule 1-060(B)(6) provides that the "motion shall be made *within a reasonable time*, and for reasons (1), (2) and (3) not more than one-year after the judgment, order or proceeding was entered or taken." (Emphasis added.)

Respondent's motion asserts that the MSA [RP 125 ¶ G, RP 126 ¶ C, RP 129

2

¶ k] and the final judgment [RP 135 ¶ F] contain inconsistencies. The MSA and the final judgment state that Petitioner was awarded 11.6 percent in Respondent's military retirement payout, which is the entire community interest in the military retirement fund, rather than one-half of the community interest in the fund, or 5.8 percent. [RP 125] According to Respondent, the parties agreed, based on an agreed-upon economist's evaluation, that the community share of the military pension was 11.6 percent. [RP 264] As such, Petitioner was entitled to one-half of the community interest or 5.8 percent of the military retirement monthly payout. As Respondent points out, the MSA contemplates that the payout amount would be approximately $125.00 per month, which, he asserts, is approximately equal to 5.8 percent or one-half interest in the community share of the retirement payout, but then the MSA and the final judgment also state that Petitioner is entitled to 11.6 percent of the payout. [RP 125 ¶ G, RP 126 ¶ C, RP 129 ¶ k, RP 135 ¶ F].

In the memorandum, Petitioner continues to argue that Respondent's motion is an untimely Rule 1-059(E) NMRA motion to amend the judgment, filed more than ten days after entry of the judgment. [MIO 3] In addition, Petitioner argues that if the motion is a Rule 1-060(B)(6) motion that it was not filed within a reasonable time following the entry of the judgment. [Id.] Finally, Petitioner contends that Respondent has not established the existence of exceptional circumstances required

to invoke Rule 1-060(B)(6). [MIO 3-4] We are not persuaded.

First, in our view, Respondent's motion is not governed by Rule 1-059(E) NMRA, but by Rule 1-060(B)(6). *See, e.g.*, *Martinez v. Friede*, 2004-NMSC-006, ¶ 20, 135 N.M. 171, 86 P.3d 596 (stating that "Rule 1-060(B)(6) provides that the court may relieve a party from a final judgment for any other reason justifying relief from the operation of the judgment. We have stated that Rule 1-060(B)(6) is designed to apply only to exceptional circumstances, which, in the sound discretion of the [district] judge, require an exercise of a reservoir of equitable power to assure that justice is done") (internal quotation marks and citation omitted). Second, it appears that Respondent, and possibly Petitioner, may not have realized the alleged inconsistencies in the MSA and final judgment until Respondent filed the motion on January 20, 2009, approximately three years after the payments to Petitioner apparently began in December 2006. [RP 265 ¶ F] According to Respondent, overpayments to Petitioner may have been made since that time in the amount of $3,696.25. [RP 265 ¶ 2] Thus, although the motion was filed in January 2009, long after the judgment was filed in December 2006, we hold that Respondent has made a prima facie showing that he filed the motion within a reasonable time of discovering the alleged inconsistencies such that relief pursuant to Rule 1-060(B)(6) may be appropriate. In addition, Respondent has made a prima facie showing that the MSA

4

and the final judgment contain inconsistencies as to the proper percentage and dollar amount that was intended to be Petitioner's share of Respondent's military retirement payout.

As Petitioner points out, the district court ruled that it lacked jurisdiction to review the merits of Respondent's motion prior to the date Petitioner's response would have been due. [MIO 5] As a result, Petitioner's positions on when the alleged inconsistencies were discovered and whether there indeed are any inconsistencies, have not been addressed.

**CONCLUSION**

For the foregoing reasons, we reverse the January 29, 2009, order and remand to the district court so that Petitioner may file a response to Respondent's motion. Thereafter, the district court shall hold a hearing on the circumstances surrounding the discovery of the inconsistencies, if any, in order to consider whether relief pursuant to Rule 1-060(B)(6) is appropriate and whether the MSA and final judgment require adjustment.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**