This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RAUL HERMINIO SANTILLANES,**

Plaintiff-Appellant,

**v.**                                                          **No. 31,525**

**GEO GROUP, INC., et al.,**

Defendants,

**CORRECTIONAL MEDICAL SERVICES, INC.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Solomon Brown
Albuquerque, NM

for Appellant

Simone, Roberts & Weiss, P.A.
Meena H. Allen
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Raul Santillanes (Plaintiff) appeals from the district court's order filed on April 22, 2011 [RP 1241], and the order denying his motion for reconsideration filed on July 5, 2011. [RP 1252] The notice of appeal was filed one day late on August 5, 2011, i.e., more than thirty days after the district court entered its July 5, 2011 order denying Plaintiff's post-judgment motion for reconsideration. [RP 1255] *See* Rule 12-201(D) NMRA. This Court has filed two calendar notices proposing to dismiss Plaintiff's appeal against Defendant Correctional Medical Services, Inc. (Defendant CMS). In addition, Defendants Geo Group, Inc., Warden James Janecka, and Security Warden Choate (the Geo Group Defendants) filed a motion to dismiss the appeal to the extent Plaintiff was seeking to appeal, in this appeal, the district court's orders granting their motions for summary judgment. Plaintiff has filed a memorandum in opposition to the first calendar notice (MIO), and a memorandum in opposition to the second calendar notice as well as a notice of errata with regard to it (2nd MIO). Plaintiff has also responded to the Geo Group Defendants' motion to dismiss.

Upon due consideration, we grant the Geo Group Defendants' motion to dismiss, and we dismiss Plaintiff's appeal against Defendant CMS.

**DISCUSSION**

2

**The Geo Group Defendants' Motion to Dismiss.** The district court granted the Geo Group Defendants partial summary judgment against Plaintiff on September 24, 2010. [RP 398] The district court granted the Geo Group Defendants summary judgment on Plaintiff's remaining claims against them on March 7, 2011. [RP 848] Plaintiff filed a motion for reconsideration of these district court rulings on March 21, 2011. [RP 1059] While that motion was pending, Plaintiff filed a notice of appeal with regard to these orders. [RP 1199] The pending motion for reconsideration rendered the underlying March 7, 2011 judgment nonfinal and the first notice of appeal ineffective and premature. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (holding that "if a party makes a post-judgment motion directed at the final judgment . . ., the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion"). After the district court denied Plaintiff's motion for reconsideration on May 26, 2011 [RP 1216], Plaintiff filed an amended notice of appeal on June 2, 2011. [RP 1219] Plaintiff withdrew the amended notice of appeal, however, on June 23, 2011. [RP 1246]

The May 26, 2011 order denying Plaintiff's motion for reconsideration was a final, appealable order as to the Geo Group Defendants. *See* Rule 1-054(B)(2) NMRA ("When multiple parties are involved, judgment may be entered adjudicating all issues as to one or more, but fewer than all parties. Such judgment shall be a final one unless

the court, in its discretion, expressly provides otherwise and a provision to that effect is contained in the judgment."). The time for filing a timely notice of appeal with regard to the Geo Group Defendants expired thirty days after the May 26, 2011 order. *See* Rule 12-201(D). Plaintiff withdrew the amended notice of appeal filed within that time period, however. We hold that Plaintiff did not timely appeal from the May 26, 2011 order.

Plaintiff then attempted to appeal the May 26, 2011 order with regard to the Geo Group Defendants, as well as the July 5, 2011 order with regard to Defendant CMS, in the notice of appeal filed on August 5, 2011. As we discussed in the calendar notices, and further discuss below, however, the August 5, 2011 notice of appeal is untimely filed with regard to both the May 26, 2011 order and the July 5, 2011 order.

Plaintiff continues to argue that this Court should apply Rule 1-054(B)(1) instead of Rule 1-054(B)(2) to the procedural facts of this case. [Response 3] Plaintiff argues that all Plaintiff's claims against all Defendants are interrelated, which affects the finality of each of the underlying orders regarding each of the Defendants. [2nd MIO 3-6] Plaintiff also contends that fairness and due process require this Court to construe the underlying orders as nonfinal when entered. [2nd MIO 5-9] Finally, Plaintiff argues that principles of equity and his allegations of Defendants' fraud

4

compel this Court to take jurisdiction in this case. [2nd MIO 9-11] We are not persuaded.

At the time the order was entered, Plaintiff could have requested that the district court declare nonfinal the order adjudicating all of Plaintiff's claims against the Geo Group Defendants, pursuant to the express language of Rule 1-054(B)(2). [Reply 3] Plaintiff did not do so, and absent this language, the order was final and appealable as of May 26, 2011, with regard to the Geo Group Defendants. As we discussed in the second calendar notice, for the district court or this Court to now declare these orders to have been nonfinal would be "inherently unfair to the parties against whom final judgments were enter[ed], in some cases, more than a year ago." [Reply, Exhibit B 3] We hold that this Court lacks jurisdiction to reach the merits of Plaintiff's appeals with regard to both the May 26, 2011 and July 5, 2011 orders and their underlying judgments filed on September 24, 2010 and March 7, 2011, relating to the Geo Group Defendants.

We grant the Geo Group Defendants' motion to dismiss Plaintiff's appeal.

**The Memoranda in Opposition.** As we discussed in the first and second calendar notices, appellate requirements for time and place of filing should be termed "mandatory" rather than "jurisdictional," and an appellate court has discretion to hear an appeal if a party has failed to comply with such mandatory preconditions. *See*

*Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). Generally, however, "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994). Plaintiff's memoranda in opposition to the first and second calendar notices do not persuade us that there are any unusual circumstances in this case, beyond the control of the parties, that warrant this Court overlooking the untimely filing of the notice of appeal against Defendant CMS. *See, e.g., Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 25, __ N.M. __, __ P.3d __, *cert. denied*, 2012-NMSC-__, __ N.M. __, __ P.3d __ (No. 33,351, Jan. 19, 2012) (holding that "[s]imply being confused or uncertain about the appropriate procedure for seeking review is not the sort of unusual circumstance beyond the control of a party that will justify an untimely filing").

With regard to Defendant CMS, Plaintiff appeals from the district court's order filed on April 22, 2011 [RP 1241], and the order denying his motion for reconsideration filed on July 5, 2011. [RP 1252] The time for filing the notice of appeal expired thirty days after the entry of the district court's July 5, 2011 order denying Plaintiff's post-trial motion to reconsider, on August 4, 2011. *See* Rule 12-201(D) (providing that "[i]f a party timely files a motion pursuant to Section 39-1-1

NMSA 1978, Paragraph B of Rule 1-050 NMRA, Paragraph D of Rule 1-052 NMRA, or Rule 1-059 NMRA, the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the entry of an order expressly disposing of the motion"). In this case, the notice of appeal was untimely filed on August 5, 2011, more than thirty days after the district court denied Plaintiff's post-judgment motion for reconsideration on July 5, 2011. [RP 1255]

Moreover, we note that Rule 12-201(D) only operates to extend the filing of a notice of appeal to a timely filed post-judgment motion listed in that subsection. Rule 1-059(B) NMRA provides that "[a] motion for a new trial shall be served not later than ten (10) days after the entry of the judgment." Plaintiff's motion for reconsideration was untimely filed on May 12, 2011, more than ten (10) days (excluding weekends and holidays) after the April 22, 2011 order had been filed.

Finally, to the extent Plaintiff continues to argue in his memoranda that his motion for reconsideration was timely filed under Rule 1-060(B) NMRA, we continue to point our that the filing of a Rule 1-060(B) motion does not affect the finality of the underlying judgment, or suspend its operation, and therefore it does not affect or toll the time for filing the notice of appeal from it. *See, e.g., Martinez v. Friede*, 2004-NMSC-006, ¶ 17, 135 N.M. 171, 86 P.3d 596 (noting that a district court's power to reopen judgment and grant a new trial under Rule 1-060(B) has "no effect

7

on the parties' ability to calculate the time in which they must file their notice of appeal . . . because a motion under Rule 1-060(B) 'does not affect the finality of a judgment or suspend its operation'") (citation omitted), *superseded by rule on other grounds as stated in State v. Moreland*, 2008-NMSC-031, 144 N.M. 192, 185 P.3d 363.

Thus, to the extent that Plaintiff's motion for reconsideration could be considered a timely filed Rule 1-060(B) motion, it was ruled upon by the district court in its order denying the motion on July 5, 2011. As we have fully discussed above, Plaintiff filed an untimely notice of appeal from the district court's July 5, 2011 order on August 5, 2011. We hold, therefore, that this Court lacks jurisdiction to consider the merits of Plaintiff's issues on appeal raised again in his memoranda in opposition. [MIO 5-7, 2nd MIO]

Finally, to the extent Plaintiff continues to argue that the numerous final, appealable orders granted, one by one, in favor of each Defendant in this case over the course of the litigation should now be considered nonfinal [MIO 7-8, 2nd MIO], we have already discussed above that at the time they were entered, Plaintiff failed to request that the district court declare nonfinal the orders adjudicating all of Plaintiff's claims against each Defendant, pursuant to the express language of Rule 1-054(B)(2). [Reply 3] Absent this language, the orders were final and appealable with regard to

8

each Defendant when entered. As we stated above, for the district court or this Court to now declare these orders to have been nonfinal would be "inherently unfair to the parties against whom final judgments were enter[ed], in some cases, more than a year ago." [Reply, Exhibit B 3]  We dismiss the appeal with regard to Defendant CMS.

**CONCLUSION**

We grant the Geo Group Defendants' motion to dismiss. We dismiss Plaintiff's appeal against Defendant CMS.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**RODERICK T. KENNEDY, Judge**