This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BAC HOME LOANS SERVICING, LP,**

Plaintiff-Appellee,

v.                                                                 **No. A-1-CA-36933**

**PETER G. WILSON,**

Defendant-Appellant,

and

**GURUDARSHAN K. WILSON and**
**MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEM, INC.,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Francis J. Mathew, District Judge**

Aldridge Pite, LLP
Robert L. Negrin
Houston, TX

Doherty & Silva, LLC
Lucinda R. Silva
Albuquerque, NM

for Appellee

Peter G. Wilson
Alcalde, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant-Appellant Peter G. Wilson, a self-represented litigant, appeals from the district court's order denying his and Defendant Gurudarshan K. Wilson's motion to vacate judgment. In this Court's second notice of proposed disposition, we proposed to summarily dismiss for lack of jurisdiction. Appellant has filed a second memorandum in opposition (2 MIO), which we have duly considered. Unpersuaded, we dismiss.

{2}     In our calendar notice, we explained that the Wilsons' motion to vacate the judgment, filed after mandate had issued from this Court dismissing the Wilsons' untimely appeal, fails to satisfy the requirement that post-judgment motions to reconsider must be filed *before* the expiration of the time for appeal. [2 CN 4] We further explained that, as we had previously explained in our December 2016 Opinion, the Wilsons' time for filing an appeal expired thirty days after the final order was entered by the district court on September 17, 2014. [2 CN 4] In our second calendar notice, we cited to Rule 1-060(B) NMRA when discussing the Wilsons' motion to

2

vacate, and cited to case law discussing Rule 1-060(B) in proposing to summarily dismiss. [2 CN 3-5]

**{3}** Appellant argues in his second memorandum in opposition that the motion to vacate is not a Rule 1-060(B) motion, but a Rule 1-012(H)(2) NMRA motion, and, as such, we may address the motion. [2 MIO 2; *see also* 2 MIO 2-5] We disagree; the fact that the motion to vacate may have been filed pursuant to Rule 1-012(H)(2) does not change the ultimate resolution of this case. As our Supreme Court stated in *Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶¶ 16, 18, 369 P.3d 1046, "Rule 1-012(H)(2) applies to issues of prudential standing and precludes any waiver of standing *prior to the completion of a trial on the merits*" (emphasis added), or at any point in an *active* litigation.

**{4}** Because summary and default judgments necessarily preclude trial, for purposes of applying Rule 1-012(H)(2) to a case in which summary judgment has been granted, the entry of the final summary judgment serves as the ending point to active litigation. *See Paez v. Burlington N. Santa Fe. Ry.*, 2015-NMCA-112, ¶ 26, 362 P.3d 116 (indicating that summary judgment precludes trial since "[t]he purpose of summary judgment is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required"); *cf. Martinez v. Friede*, 2004-NMSC-006, ¶ 17, 135 N.M. 171, 86 P.3d 596 (noting that a district court's power to

3

reopen judgment and grant a new trial under Rule 1-060(B) has "no effect on the parties' ability to calculate the time in which they must file their notice of appeal . . . because a motion under Rule 1-060(B) does not affect the finality of a judgment or suspend its operation" (internal quotation marks and citation omitted)), *superseded by rule on other grounds as stated in State v. Moreland*, 2008-NMSC-031, 144 N.M. 192, 185 P.3d 363; *In re Estates of Hayes v. Hayes*, 1998-NMCA-136, ¶ 17, 125 N.M. 820, 965 P.2d 939 (stressing that, "if the time period for filing a notice of appeal on the underlying judgment has elapsed, a Rule 1-060(A) order does not establish a new time period for appealing the original judgment"). In the present case, not only was summary judgment entered by the district court, indicating that active litigation had terminated [1 RP 180], but the district court had entered judgment on mandate [2 RP 284], signaling the end of the case.

{5}     The fact that the Wilsons filed their motion to vacate on standing grounds pursuant to Rule 1-012, as opposed to Rule 1-060(B), is irrelevant. As the Rule 1-012(H)(2) motion to vacate was not filed prior to the termination of active litigation, it is untimely and we lack jurisdiction to consider the merits. *See Johnston*, 2016-NMSC-013, ¶¶ 16, 18. Appellant has cited to no law, and we are aware of none, that states that a Rule 1-012 motion to vacate, filed more than thirty days after a district court has entered judgment on mandate, may resurrect a prudential standing argument

4

after litigation has terminated—and permit consideration of the merits of such argument—so we assume no such authority exists and decline to consider the matter further. *See State ex rel. Office of the State Eng'r v. Elephant Butte Irrigation Dist.*, 2012-NMCA-090, ¶ 29, 287 P.3d 324 (assuming no authority exists and declining to consider the defendant's argument because he did not provide authority in support of it).

{6}     Accordingly, and for the reasons stated in our notice of proposed disposition, we dismiss.

{7}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**JULIE J. VARGAS, Judge**

5