This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CARMEN V. ORTIZ,**

Petitioner-Appellee,

v.                                             NO. A-1-CA-36878

**ANDREW M. ORTIZ,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Cheryl Hein Johnston, District Judge**

Wolf & Fox, P.C.
Bryan T. Fox
Albuquerque, NM

for Appellee

Fuentes Law Office
Robert R. Fuentes
Rio Rancho, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Respondent Andrew M. Ortiz appeals from a district court order denying his motion to set aside his divorce decree and marital settlement agreement. We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition. Not persuaded, we affirm the district court.

{2}     Respondent continues to argue that the district court erred in denying his motion to set aside his divorce decree and marital settlement agreement. The divorce decree and the marital settlement agreement (MSA) were entered in February 2011. [RP 383] Respondent filed a motion to set aside the decree and MSA in January 2016, arguing that these pleadings were the product of fraud perpetrated by Petitioner Carmen V. Ortiz. [RP 263; 384]

Rule 1-060(B) NMRA states:

On motion and on such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 1-059 NMRA;

(3)     fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4)     the judgment is void;

(5)  the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6)  any other reason justifying relief from the operation of the judgment[.] . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one (1) year after the judgment, order, or proceeding was entered or taken.

{3}  Respondent's January 4, 2016 motion to dismiss did not challenge the parties' dissolution of marriage. [RP 263] Instead, it sought to set aside the MSA and final decree on the basis of fraud. Respondent's motion was filed well beyond the one-year time limit allowed for raising fraud as a basis for setting aside a judgment under Rule 1-060(B)(3). Respondent does not dispute this. Instead, he argues that the MSA is void because his signature was forged at some point during the proceedings. Respondent argues that this forgery constitutes a "fraud upon the court" that allows him to rely on Rule 1-060(B)(4), which is not limited to one-year. It is unclear whether fraud upon the court would generally render a judgment void. *Cf. Phoenix Funding, LLC v. Aurora Loan Servs.*, LLC, 2017-NMSC-010, ¶ 43, 390 P.3d 174 (observing the long-held principle "that a court will not set aside a judgment because it was founded on a fraudulent instrument" (alteration, omission, internal quotation marks, and citation omitted)). However, in this case, the district court addressed the issue on the merits. It noted that there was no dispute as to the authenticity of

3

Respondent's signature on the MSA, the parenting plan, and the final decree. [RP 386, ¶ 29] As such, the district court rejected Respondent's claim that the judgment was void. [RP 386, ¶ 31] We defer to this ruling under our standard of review, which is abuse of discretion. *See Martinez v. Friede*, 2004-NMSC-006, ¶ 19, 135 N.M. 171, 86 P.3d 596, *superseded by rule on other grounds as stated in State v. Moreland*, 2008-NMSC-031, 144 N.M. 192, 185 P.3d 363. Finally, we also believe the district court had discretion to refuse to hold an evidentiary hearing, because it was undisputed that the aforementioned controlling documents had valid signatures.

{4}    For the reasons set forth above, we affirm.

{5}    **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**


**WE CONCUR:**


_____
**HENRY M. BOHNHOFF, Judge**


_____
**JENNIFER L. ATTREP, Judge**