This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40569**

**VICKI L. BURTON-DELAPP,**

      Plaintiff-Appellee,

v.

**DEREK M. MARTINEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Court Judge**

Vicki L. Burton-Delapp
Albuquerque, NM

Pro Se Appellee

Derek M. Martinez
Albuquerque, NM

Pro Se Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**    Respondent, who is self-represented, is appealing from a district court order denying his motion to dismiss an order of protection. We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition. Not persuaded, we affirm the district court.

**{2}**    As we observed in our calendar notice, the final, appealable order of protection was filed on October 8, 2021. [RP 19] Respondent did not file a timely motion to reconsider or notice of appeal. *See* Rule 12-201 NMRA. Instead, on July 18, 2022, Respondent filed a motion to dismiss the October 8, 2021 order of protection. [RP 30]

We therefore construe Respondent's motion to dismiss as a motion made pursuant to Rule 1-060(B) NMRA, and we limit our appellate review of the denial of this motion accordingly. *Cf. Martinez v. Friede*, 2004-NMSC-006, ¶ 17, 135 N.M. 171, 86 P.3d 596 (noting that a district court's power to reopen judgment and grant a new trial under Rule 1-060(B) has "no effect on the parties' ability to calculate the time in which they must file their notice of appeal . . . because a motion under Rule 1-060(B) does not affect the finality of a judgment or suspend its operation" (internal quotation marks and citation omitted)), *superseded by rule on other grounds as stated in State v. Moreland*, 2008-NMSC-031, 144 N.M. 192, 185 P.3d 363. We review the district court's ruling for an abuse of discretion. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule [1-0]60([B]) motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion."); *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (stating that "[a]n abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case").

**{3}** Rule 1-060(B)(1)-(6) sets forth a number of grounds for setting aside a judgment. Our review of the record indicates that the district court did not abuse its discretion in denying Rule 1-060(B) relief. Although Respondent continues to claim that he did not receive notice of the hearing, the record indicates that he was personally served a copy of the temporary order of protection and order to appear for a hearing on the merits. [RP 18] Therefore, any returned mail [RP 29] did not support a lack of notice claim as regards the hearing. Respondent's other claims involve matters of credibility that do not support appellate relief under Rule 1-060(B). [RP 30]

**{4}** To the extent Respondent is claiming that the returned mail of the default order should justify overlooking the late notice of appeal from the October 8 order, our Supreme Court has observed, "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." *Trujillo v. Serrano*, 1994-NMSC-024, ¶ 19, 117 N.M. 273, 871 P.2d 369. Here, we are not persuaded that such unusual circumstances exist. Respondent waited nine months after being ordered to appear to check on his case and was therefore not diligent in keeping track of these proceedings or taking steps to perfect his appeal. *See Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (holding that pro se litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar").

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**