This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40568**

**DEREK MATTHEW MARTINEZ,**

Petitioner-Appellant,

v.

**YVETTE P. CHACON,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Court Judge**

Derek Matthew Martinez
Albuquerque, NM

Pro Se Appellant

Yvette P. Chacon
Santa Fe, NM

Pro Se Appellee

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Petitioner appeals from a district court order denying, without prejudice, his motion to modify child custody and support. We issued a calendar notice proposing to affirm. Petitioner has filed a memorandum in opposition. We affirm.

**{2}** The order appealed from in this case was filed on July 28, 2022. [RP 397] The order addressed a July 15, 2022 motion, by Petitioner to modify custody and support. [RP 384] The district court ruled that Petitioner must first comply with two June 11, 2021 orders, which denied a similar request and ordered him to first attend reunification therapy sessions. [RP 354-55] In short, the district court ruled that Petitioner was

attempting to revisit the June 2021 orders without first complying with conditions set forth in those orders, or establishing any basis for waiving these conditions. Petitioner had not filed a timely notice of appeal from the June 2021 orders. *See* Rule 12-201 NMRA. As such, we construe Petitioner's July 2022 motion as an attempt to set aside the June 2021 orders under Rule 1-060(B) NMRA, and we limit our appellate review of the denial of this motion accordingly. *Cf. Martinez v. Friede*, 2004 NMSC-006, ¶ 17, 135 N.M. 171, 86 P.3d 596 (noting that a district court's power to reopen judgment and grant a new trial under Rule 1-060(B) has "no effect on the parties' ability to calculate the time in which they must file their notice of appeal . . . because a motion under Rule 1-060(B) does not affect the finality of a judgment or suspend its operation" (internal quotation marks and citation omitted)), *superseded by rule on other grounds as stated in State v. Moreland*, 2008-NMSC-031, 144 N.M. 192, 185 P.3d 363. We review the district court's ruling for an abuse of discretion. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule [1-0]60(B) motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion."); *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (stating that "[a]n abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case" (internal quotation marks and citation omitted)).

**{3}**     Rule 1-060(B)(1)-(6) sets forth a number of grounds for setting aside a judgment. Our review of the record indicates that the district court did not abuse its discretion in denying Rule 1-060(B) relief. Specifically, Petitioner did not allege any specific Rule 1-060(B) ground for setting aside the prior orders. To the extent that Petitioner is alleging misconduct or any unfairness in the events leading up to the 2021 orders, or in his attempts to comply with these orders, these assertions involve credibility matters, and we defer to the district court's resolution. *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531.

**{4}**     In the absence of any showing that the district court abused its discretion under this Rule 1-060(B), we affirm.

**{5}     IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**